CORNELIUS ALLEN, *et als., v.* W. H. CHADBURN, *et als.*

APPEAL. *Effect of a judgment on other orders in the cause.* It was only upon the recovery of the judgment that complainants were entitled to have a receiver. They obtained an order for such receiver before defendant perfected her appeal, but the property was not taken possession of, and remained in defendant's possession when her appeal was perfected. *Held,* that the appeal, when perfected, vacated the judgment, and that vacated their right to a receiver.

---

FROM RUTHERFORD.

---

Appeal from the Chancery Court. JOHN P. STEELE, Chancellor.

JNO. W. BURTON for Chadburn.

READY & BURRUS, and PALMER & RICHARDSON for Allen.

15—vol. 3.

NICHOLSON, C. J., delivered the opinion of the Court.

On the 15th of December, 1873, complainants recovered a judgment by decree, for $11,243 against Carrie V. Reid, administratrix, and others. From this decree Carrie V. Reid prayed an appeal, and on the 25th of February, 1874, the same was perfected by executing bond, as required. On the 14th of January, 1874, the Chancellor, · upon petition of complainants, ordered a receiver to take possession of, and rent out the house in this controversy. It was only upon the recovery of the judgment, that complainants were entitled to have a receiver. They applied for, and obtained an order for such receiver, before Carrie V. Reid perfected her appeal, but the property was not taken possession of, and was still in her possession or that of her tenants, when her appeal was perfected.

All the questions now presented, turn upon the legal effect of the appeal upon the order for the appointment of a receiver. If that order was vacated by the appeal, then the temporary order of suspension entered upon the minutes of the Court cease to have any force, because the same effect was produced by the appeal.

It is clear, that the operation of the appeal by. Carrie V. Reid was to annul and vacate the decree for $11,243, as to her. It was only proper to order a receiver after judgment, then it follows, that, after that judgment was annulled by the appeal, the order by the Chancellor for a receiver ceased to have any force; Mrs. Reid was lawfully in possession, and could

not be dispossessed until complainants obtained a judgment. When their judgment was vacated by appeal, their right to have a receiver was vacated. How the law is when an interlocutory order for a receiver pending a suit is made, and upon final hearing, the party against whom the order is made appeals, we need not decide, as that question is not involved here.

It follows that the order for the receiver made by the Chancellor, was vacated by the appeal from the judgment on which the order rested, and in this Court the case stands as if no judgment had ever been rendered, and of consequence, no order for a receiver can be made here.

The application, therefore, in all its phases, is disallowed.